1 Guy "Mike Lee

2 1208 Peralta Ave

3 Berkeley, CA 94706

4 (510) 501 - 4717

5 Plaintiff in Pro Per

FILED

MAR 3 0 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

6                           **United States District Court**

7                           **Northern District of California**

8 Guy "Mike" Lee    )        CASE NO.

9        Plaintiff    )       CV 17     1762   EDL

10     vs.              )      **COMPLAINT FOR DAMAGES PURSUANT**

11                              **TO 42 U.S.C. § 1983 and Injunctive Relief**

12 City of Berkeley, CA        **DEMAND FOR JURY TRIAL**

13 Dee Williams-Ridley,

14 Jovan Grogan, Andrew Wicker,

15 Jesse Arreguin, Kriss Worthington,

16 Lori Drotsie,  Linda Maio,

17 Susan Wengraff, Berkeley Police Department Officers 1 – 50,

18 City of Berkeley employees 1 -50

19     Defendant    )

20                           **Jurisdiction**

21 This is a civil action under 42 U.S.C § 1983 seeking damages and injunctive relief

22 against Defendants for committing acts, under color of law, with the intent and for

23 the purpose of depriving Plaintiff of rights secured under the Constitution and laws

24 of the United States; retaliating against Plaintiff for his exercise of constitutionally

25 protected speech; and for refusing or neglecting to prevent such deprivations and

26 denials to Plaintiff.

27 This case arises under the United States Constitution and 42 U.S.C. Sections 1983

28 and 1988, as amended. This Court has jurisdiction in this matter pursuant

1

1 28 U.S.C. Sections 1331 and 1343. The declaratory and injunctive relief sought is
2 authorized by 28 U.S.C. Sections 2201 and 2202, 42 U.S.C. Section 1983, Rule 57
3 of the Federal Rules of Civil Procedure and Bane Act California Civil Code §52.1.

4                                   **Venue**

5 Venue is proper pursuant to 28 U.S.C § 1391 because the events giving rise to this
6 complaint happened in this district.

7                                   **Parties**

8 Plaintiff  Guy "Mike" Lee is a homeless individual residing in Berkeley, CA with a
9 mailing address of 1208 Peralta Ave Berkeley, CA 94706

10 Defendant City of Berkeley, hereafter referred to as City, is a council-city manger
11 entity located in the County of Alameda 2180 Milvia Berkeley, CA 94704 has
12 complete authority over all municipal affairs subject only to the limitations and
13 restrictions specified in the Charter or the Constitution of the State. That it is solely
14 responsible for establishing a custom, policy or practice[1] which in fact and actual
15 deed targets a specific protected class of people due to their economic
16 circumstances,  Constitutionally protected activity, and coerced means of survival.
17 Defendant at all times was acting under color of law in both their official and
18 individual capacity to deprive plaintiff of rights created by the Constitution of the
19 United States, Constitution of the State of California and federal law.

20 Defendant  **Dee Williams-Ridley** is and were at all relevant times employed  as
21 City Manager by the  City and committed the acts complained of herein while
22 acting within the scope and course of their official duties as City Manager.
23 Defendant at all times was acting under color of law in both their official and
24 individual capacity to deprive plaintiff of rights created by the Constitution of the
25 United States, Constitution of the State of California and federal law.

26 Defendants actions were not reasonably related to a compelling government[2]
27 interest as such actions taken were not related to their official duties.  Sued in both
28 individual and official capacities.

---

1 *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690-91 (1978), Los Angeles County, California
v. Humphries, No.09-350, 2010 WL 4823681

2 Compelling governmental interest. (n.d.) *West's Encyclopedia of American Law, edition 2*. (2008). Retrieved
March 23 2017 from http://legal-dictionary.thefreedictionary.com/Compelling+governmental+interest

1 Defendant **Jovan Grogan** is and were at all relevant times employed as Deputy
2 City Manager by the  City and committed the acts complained of herein while
3 acting within the scope and course of their official duties as Deputy City Manager.
4 Defendant at al times was acting under color of law in both their official and
5 individual capacity to deprive plaintiff of rights created by the United States
6 Constitution, State of California Constitution, and federal law.

7 Defendants actions were not reasonably related to a compelling state interest, as
8 such actions taken were not related to their official duties.  Sued in both  individual
9 and official capacities.

10 Defendant **Andrew Wicker** is and were at all relevant times employed as Chief of
11 Police by the City and committed the acts complained of herein while acting within
12 the scope and course of their official duties as police officer. Defendant at all times
13 was acting under color of law in both their official and individual capacity to
14 deprive plaintiff of rights created by the Constitution of the United States,
15 Constitution of the State of California and federal law.

16 Defendants actions were not reasonably related to a compelling state interest as
17 such actions taken were not related to their official duties.  Sued in both  individual
18 and official capacities.

19 Defendant **Jesse Arreguin** is and were at all relevant times employed as City
20 Council Member and subsequently Mayor  by the  City and committed the acts
21 complained of herein while acting within the scope and course of their official
22 duties as Council Member. Defendant at all times was acting under color of law in
23 both their official and individual capacity to deprive plaintiff of rights created by
24 the Constitution of the United States, Constitution of the State of California and
25 federal law

26 Defendants actions were not reasonably related to a compelling state interest as
27 such actions taken were not related to their official duties.  Sued in both  individual
28 and official capacities.

1 Defendant **Kriss Worthington** is and were at all relevant times employed as City
2 Council Member by the  City and committed the acts complained of herein while
3 acting within the scope and course of their official duties as Council Member.
4 Defendant at all times was acting under color of law in both their official
5 andindividual capacity to deprive plaintiff of rights created by the  Constitution of
6 the United States, Constitution of the State of California and federal law.

7 Defendants actions were not reasonably related to a compelling state interest as
8 such actions taken were not related to their official duties.  Sued in both  individual
9 and official capacities.

10 Defendant **Lori Drotsie** is and were at all relevant times employed as City Council
11 Member by the  City and committed the acts complained of herein while acting
12 within the scope and course of their official duties as Council Member. Defendant
13 at all times was acting under color of law in both their official and individual
14 capacity to deprive plaintiff of rights created by the  Constitution of the United
15 States, Constitution of the State of California and federal law.

16 Defendants actions were not reasonably related to a compelling state interest as
17 such actions taken were not related to their official duties.  Sued in both  individual
18 and official capacities.

19 Defendant **Linda Maio** is and were at all relevant times employed as City Council
20 Member by the  City and committed the acts complained of herein while acting
21 within the scope and course of their official duties as Council Member. Defendant
22 at all times was acting under color of law in both their official and individual
23 capacity to deprive plaintiff of rights created by the Constitution of the United
24 States, Constitution of the State of California and federal law.

25 Defendants actions were not reasonably related to a compelling state interest as
26 such actions taken were not related to their official duties.  Sued in both  individual
27 and official capacities.

28

4

1 Defendant **Susan Wengraff** is and were at all relevant times employed as City
2 Council Member by the  City and committed the acts complained of herein while
3 acting within the scope and course of their official duties as Council Member.
4 Defendant at all times was acting under color of law in both their official and
5 individual capacity to deprive plaintiff of rights created by the Constitution of the
6 United States, Constitution of the State of California and federal law.

7 Defendants actions were not reasonably related to a compelling state interest as
8 such actions taken were not related to their official duties.  Sued in both  individual
9 and official capacities.

10 Defendants **City of Berkeley Police Department Officers 1 – 50**  is and were at
11 all relevant times employed as Police Officers by the  City and committed the acts
12 complained of herein while acting within the scope and course of their official
13 duties as police officers. Defendants at all times was acting under color of law in
14 both their official and individual capacity to deprive plaintiff of rights created by
15 Constitution of the United States, Constitution of the State of California and
16 federal law.

17 Defendants actions were not reasonably related to a compelling state interest as
18 such actions taken were not related to their official duties.  Sued in both  individual
19 and official capacities. Defendants when identified will be included in an amended
20 complaint

21 Defendants **City of Berkeley employees 1 -50**  is and were at all relevant times
22 employed as employees by the  CITY and committed the acts complained of herein
23 while acting within the scope and course of their official duties as employees .
24 Defendants at all times was acting under color of law in both their official and
25 individual capacity to deprive plaintiff of rights created by the Constitution of the
26 United States, Constitution of the State of California and federal law.

27 Defendants actions were not reasonably related to a compelling state interest as
28 such actions taken were not related to their official duties. Sued in both  individual

1  and official capacities. Defendants when identified will be included in an amended
2  complaint

3                          **Statement of Facts**

4  On or about October 2, 2016 plaintiff Lee has been an active participant in a series
5  of related events protesting the lack of Homeless services in Berkeley, CA. These
6  events are collectively identified as Snubbed By The Hub Poor People's Tour 2016
7  – 2017[3]. Its purpose is solely to peacefully assemble in a public place and to
8  petition the Government for a redress of grievances. This is accomplished by
9  erecting tents in a common, highly visible public area and maintain a continual
10 presence there twenty fours hours a day, seven days a week in perpetuity[4]. A
11 prominent feature of these related events is the presence of large colorful signs
12 stating for example a demand to end the criminalization of homeless people. City
13 of Berkeley and defendants et al were well aware that Plaintiff and others similarly
14 situated were in engaged in Constitutionally protected First Amendment activity
15 through its direct knowledge gained by Berkeley Police Department's personal
16 observation, video tape, photographs. Defendants direct knowledge is furthered by
17 on site visits by Defendant Jesse Arreguin, Defendant Sophie Hahn, and unnamed
18 parties to this action Council Members Bartlett and Davilla. Defendants
19 individually and collectively  have also or had direct and indirect knowledge
20 through numerous news articles, Facebook postings, e-mails and phone calls[5].

21 In  reaction to this protected activity, the City of Berkeley and named defendants et
22 al either directly or indirectly through its agents commenced a series of actions
23 designed to chill or halt this political demonstration. Stating that this was an
24 enforcement action to confront criminal activity such as but not limited to
25 California Penal Code 647(e) the City of Berkeley and named defendants et al
26 through their agent Berkeley Police Department and others on October 7,2016
27 commenced its continual conduct by descending on the protest site located at Fair
28 view and Adeline at approximately 5 am[6]. Forcing people awake Lee and others on

---

3   Daily California 10/13/2016 http://www.dailycal.org/2016/10/13/homeless-community-protests-berkeley-
     homeless-services-system/, https://occupyoakland.org/2016/10/mike-zint-will-not-take-no-housing-answer/

4   Exhibit 2 - Overview

5   Exhibit 3 - Arreguin

6   https://www.facebook.com/firsttheycameforthehomeless/videos/683670841799868/,
     http://www.berkeleyside.com/2016/10/07/protesters-criticize-berkeley-homeless-services-center/

1 site were verbally threatened with arrest, personal property was confiscated and
2 subsequently destroyed.

3 Despite standing five feet from his personal property, Berkeley Police Department
4 and or defendants individually or collectively confiscated Plaintiff's tent, sleeping
5 bag, personal clothes and numerous other items directly related to Plaintiff's
6 survival. When Plaintiff protested he was immediately surrounded by nine police
7 officers threatened with arrest. Plaintiff is 61 years old, disabled and weighs a
8 whopping 132 pounds.

9 Since then the City of Berkeley and named defendant's et al have forged ahead in
10 their campaign of terror to disrupt this on-going protest in a similar manner and on
11 subsequent occasions have  persisted in their conduct by physically and verbally
12 assaulting Lee and others similarly situated, destroying personal property on site
13 specifically tents and blankets, seized and illegally disposed of personal property
14 including valuable electronics, food, prescription drugs, clothing, personal papers
15 and other miscellaneous items.

16 City of Berkeley's  and named defendant's et al on-going and continual conduct
17 establishes a custom, policy or practice, is irrational and does not further a
18 compelling state interest[7]. Lee's conduct (and others similarly situated) on the date
19 in question and during these on-going related events does not violate any existing
20 or perceived law and in fact is activity protected by the United States Constitution
21 Amendment One and Article 1 of the California Constitution. Additionally named
22 defendant's conduct individually or collectively have violated Plaintiff's rights as
23 defined by the United States Constitution Amendments Four, Five, Eight, and
24 Fourteen.

25 City of Berkeley and named defendant's et al  by their actions and public
26 statements, despite knowing their conduct is at best questionable, has indicated
27 their harassment of Lee and others so situated will continue in furtherance of a
28 clearly established custom, policy or practice. The City of Berkeley and named

---

7  Strict Scrutiny. (n.d.) *West's Encyclopedia of American Law, edition 2*. (2008). Retrieved March 23 2017
   from http://legal-dictionary.thefreedictionary.com/Strict+Scrutiny

1 defendant's et al knowingly, willingly and with great forethought continues its
2 campaign against Lee and others so situated with out a shred of legal justification.
3 Defendant's numerous public declarations that it is merely enforcing current laws,
4 specifically California Penal Code 647(e) which by and  in itself is overly broad
5 and vague  lacks any merit. It is then reasonable to conclude this activity is taken
6 solely for the purpose of chilling Lee's (and others so situated) Constitutionally
7 protected rights. That it is mean spirited, void of legal justification and in
8 retaliation for Plaintiff exercising Constitutionally protected rights.

9 Lacking any legal justification City of Berkeley's and named defendant's et al
10 conduct in violating Lee's clearly documented legal rights is exacerbated by the
11 City of Berkeley and named defendant's et al  seizing and destroying Lee's
12 property in violation of his due process rights as defined by the Fourth and
13 Fourteenth Amendment of the United States Constitution[8]. City of Berkeley's and
14 named defendant's et al actions further deny Lee (and others so situated) the right
15 to sleep in violation of the United States Constitution Amendment Eight

16 The City of Berkeley's and named defendant's et al  argument that it is merely
17 enforcing existing laws is a disingenuous attempt to justify its prohibited actions.
18 The existence of other gatherings of people engaged in similar actions (sans First
19 Amendment reason) without reaction from the City of Berkeley and named
20 defendant's et al is a clear indication and proof of selective enforcement.
21 Defendants collectively and individually continue to pursue a custom, policy or
22 practice which they know to be questionable at best and clearly establishes a prima
23 facia circumstance of illegal behavior. It is reasonable to conclude that the City of
24 Berkeley's and named defendant's et al  actions are targeted solely at those who are
25 critical of its polices and are bold enough to publicly vocalize their criticism. This
26 is clearly a violation of Lee's (and others similarly situated) due process rights as
27 defined by the United States Constitution Amendment Four and Fourteen.

28

---

8   Lavan v City of Los Angeles, 693 F.3d 1022, 1028, 1030 (9th Cir. 2012),  United States v Fowleks, 804 F.3d 954,
    963 (9th Cir. 2015)

1 **First Cause of Action**

2 Loss and Return of property

3 California Civil Code § 2080 et seq.

4 United States Constitution Amendment Four

5 United States Constitution Amendment Fourteen

6 Defendant's acting either individually or collectively, illegally seized and then
7 failed to protect and preserve the personal property of Plaintiff found on public
8 land. Defendant's acting either individually or collectively did not perform due
9 diligence in determining who the owner was and whether property of a clearly
10 personal nature was left by an owner who intentionally relinquished all rights to its
11 control, if it had been lost or simply misplaced. Defendant's acting either
12 individually or collectively then with great forethought knowingly failed to protect
13 and preserve the personal property of Plaintiff found on public land. Defendant's
14 acting either individually or collectively consciously failed to provide notice that
15 the property was taken, failed to document what property had been taken, failed to
16 take reasonable care of the property taken and failed to provide an appropriate
17 opportunity for the Plaintiff to recover the property within a reasonable amount of
18 time.  Neither did Defendant provide a receipt or exercise due care[9] for seized
19 property as required  by California Civil Code § 2080.10 et seq and in violation of
20 Plaintiff's rights as defined by the United States Constitution Amendments Four
21 and Fourteen.

22 As a direct and proximate consequence of the acts of the Defendants, Plaintiff has
23 suffered and continues to suffer from the seizure and destruction of his personal
24 property and as such is entitled to damages.

25

26

27

28

---

9   due care. (n.d.) *TheFreeDictionary.com*. (2017). Retrieved March 23 2017 from http://legal-
dictionary.thefreedictionary.com/due+care

9

1                                  **Second Cause of Action**

2                               Conversion and trespass to chattels

3                      United States Constitution Amendment Four

4                   United States Constitution Amendment Fourteen

5                           California Civil Code Section 3336

6 At all times Plaintiff asserts that he was the owner of personal property seized and
7 destroyed by Defendant's acting either individually or collectively.  Defendant's
8 practices either individually or collectively were consciously  and with great
9 forethought taken to exercise dominion and control over the plaintiff's property in
10 a manner inconsistent with the plaintiff's rights. Defendant's  actions either
11 individually or collectively constitute an unwarranted interference with the
12 dominion over the property of the Plaintiff from which injury to the latter results.
13 Notably the taking of items used to protect Plaintiff from the elements such as tent,
14 warm, clothing and sleeping bag. Defendant's acting either individually or
15 collectively consciously took these items disregarding the foreseeable consequence
16 that Plaintiff's health could be endangered to the point of death.

17 As a direct and proximate consequence of the acts of the Defendant's, acting either
18 individually or collectively Plaintiff has suffered and continues to suffer from the
19 seizure and destruction of his personal property and as such is entitled to damages.

20

21                                  **Third Cause of Action**

22                                 Threats and Intimidation

23                      United States Constitution Amendment One

24                     United States Constitution Amendment Four

25                   United States Constitution Amendment Fourteen

26 Defendants either individually or collectively have used threats and intimidation
27 and based on their on-going pattern of behavior will continue to use threats and
28 intimidation, to interfere with Plaintiff's right to maintain his personal possession

1 in violation of Plaintiff's rights secured by the U.S. Constitution Amendment Four
2 and Fourteenth, and the statutory laws of California.

3 Defendants have used threats and intimidation and based on their on-going pattern
4 of behavior will continue to use threats and intimidation, to interfere and abridge
5 Plaintiff's rights in violation of the U.S. Constitution Amendment One.

6 Plaintiff is entitled to damages pursuant to California Civil Code §§ 52, 52.1,  42
7 U.S.C. § 1983 , is entitled to an injunction pursuant to California Civil Code §52.1

8                               **Fourth Cause of Action**

9                                Selective enforcement

10                       United States Constitution Amendment Four

11                      United States Constitution Amendment Fourteenth

12 Defendant's actions either individually or collectively are not reasonably related to
13 a compelling state interest in that its activity is only in pursuit of Plaintiff and
14 others similarly situated for daring to publicly redress their grievances as
15 enumerated by the United States Constitution Amendment One.

16 On numerous occasions Defendants have  purposely and with great deliberation,
17 maliciously used violence, threats and intimidation solely targeting Plaintiff and
18 others similarly situated because they dare to conduct a public demonstration.
19 Defendant's acting either individually or collectively did so knowingly and
20 willfully, ignoring other similar activity related to survival being conducting
21 simultaneously in numerous areas. Plaintiff's conduct is clearly differentiated from
22 others by its First Amendment trappings. It is this differentiation which provided
23 motivation for Defendant's conduct and is void of any other reason including but
24 not limited to that of Martians invading the planet.

25 Defendant's with great forethought,knowingly and irrationally harass and terrorize
26 Plaintiff and others similarity situated solely based on their legally protected
27 activity in violation of Plaintiff's  equal protection rights as defined by the United
28 States Constitution Fourteenth Amendment.[10]

---

10 Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir 1986), Arizonia Students' Assn' v. Arizona Bd. of Regents,
    824 F.3d 858, 867 (9th Cir. 2016).

1        **Fifth Cause of Action**

2              Cruel and Unusual Punishment

3           United States Constitution Amendment Eight

4 Defendant's acting either individually or collectively maliciously deny Plaintiff the
5 right to engage in the life sustaining activity of sleeping in violation of Plaintiff's
6 rights as defined by the United States Constitution Eighth Amendment and
7 numerous legal precedent[11].

8        **Sixth Cause of Action**

9           Negligent Infliction of Emotional Distress

10          United States Constitution Amendment Four,

11         United States Constitution Amendment Fourteen,

12            Article 1 §7 California Constitution,

13            Article 1 §13 California Constitution

14 Defendant's individually and or collectively owe a duty of care to Plaintiff as
15 established by the Fourth and Fourteenth Amendment of the United States
16 Constitution, Article 1 §7 California Constitution, Article 1 §13 California
17 Constitution and defendants own memorandum dated December 14, 2006.

18 Defendant's acting either individually or collectively knew or should have known
19 that failure to exercise due care would cause Plaintiff severe emotional distress.

20 Defendant's acting either individually or collectively actual and on-going practice
21 of providing no notice, insufficient notice, or misleading notice that Plaintiff's
22 property would be seized and destroyed, coupled with Defendant's acting either
23 individually or collectively, actual taking and destroying of Plaintiff's personal
24 property is a breach of Defendant's duty.

25 Defendant's acting either individually or collectively  threatened or actual seizure
26 of Plaintiff's life sustaining property such as Tent, blankets and warm clothing
27 resulted in negligent, deliberate infliction of emotional distress, unnecessary pain
28 and suffering. As a direct and proximate consequence of the acts of the Defendant's

---

11  Jones v. City of Los Angeles , 505 F.3d 1006 ( 2007 )

12

1  acting either individually or collectively, Plaintiff has suffered and continues to
2  suffer from the seizure and destruction of his personal property and as such is
3  entitled to damages.

4

5                              **Seventh Cause of Action**

6                        Bane Act California Civil Code  § 52.1

7  Defendants ongoing actions are not reasonably related to or further  a compelling
8  state interest. Defendants continually use of threats and or intimidation is taken
9  with the sole intent of chilling Plaintiff's Constitutionally protected activity, as
10 such is a violation of the Bane Act California Civil Code  § 52.1.

11                              **Request for Relief**

12 WHERFORE; the plaintiff requests

13 A declaration that homeless people are a protected class in that they are a group of
14 people with at least one  common characteristic and who are legally protected from
15 discrimination on the basis of that characteristic.

16 A declaration that Plaintiff is a member of that protected class

17 A declaration that Plaintiff's conduct at all times was in furtherance of
18 Constitutionally protected rights specifically that pertaining to the United States
19 Constitution Amendment One.

20 A declaration the Defendant's either collectively or individually established a
21 custom, policy or practice which in fact and actual deed targets a specific protected
22 class of people due to their economic circumstances, Constitutionally protected
23 activity, and coerced means of survival.

24 A declaration that Defendant's asserting enforcement of California Penal Code
25 647(e) as justification for their conduct is lacking in that California Penal Code
26 647(e) is overly broad and vague thus rendering it unconstitutional and lacking any
27 legal authority.

28

13

1 A declaration that Defendant's conduct either collectively or individually violated
2 Plaintiff's rights as enumerated by the First, Fourth, Eighth and Fourteenth
3 Amendments to the United States Constitution and Plaintiff's rights under the
4 California State Constitution, Bane Act California Civil Code  § 52.1 and state
5 common law in the manners alleged herein, upon consideration of the evidence
6 adduce at trial or otherwise.

7 Per City of Berkeley, CA Compensatory Damages $10,000.00, Punitive Damages
8 $250.000.00, Any additional compensation which the court feels appropriate.

9 Per Dee Williams-Ridley Compensatory Damages $10,000.00, Punitive Damages
10 $250.000.00, Any additional compensation which the court feels appropriate.

11 Per Jovan Grogan Compensatory Damages $10,000.00, Punitive Damages
12 $250.000.00, Any additional compensation which the court feels appropriate.

13 Per Andrew Wicker Compensatory Damages $10,000.00, Punitive Damages
14 $250.000.00, Any additional compensation which the court feels appropriate.

15 Per Jesse Arreguin Compensatory Damages $10,000.00, Punitive Damages
16 $250.000.00, Any additional compensation which the court feels appropriate.

17 Per Kriss Worthington Compensatory Damages $10,000.00, Punitive Damages
18 $250.000.00, Any additional compensation which the court feels appropriate.

19 Per Lori Drotsie Compensatory Damages $10,000.00, Punitive Damages
20 $250.000.00, Any additional compensation which the court feels appropriate.

21 Per Linda Maio Compensatory Damages $10,000.00, Punitive Damages
22 $250.000.00, Any additional compensation which the court feels appropriate.

23 Per Susan Wengraff Compensatory Damages $10,000.00, Punitive Damages
24 $250.000.00, Any additional compensation which the court feels appropriate.

25 Per Berkeley Police Department Officers 1 – 50 once identified through discovery
26 each named defendant Compensatory Damages $10,000.00, Punitive Damages
27 $250.000.00, Any additional compensation which the court feels appropriate.

28

1 Defendant City of Berkeley shall be assigned liability for any and all unidentified
2 defendant (s). Each defendant named or unnamed Compensatory Damages
3 $10,000.00, Punitive Damages $250.000.00, Any additional compensation which
4 the court feels appropriate.

5 City of Berkeley employees 1 -50 once identified through discovery each named
6 defendant Compensatory Damages $10,000.00, Punitive Damages $250.000.00,
7 Any additional compensation which the court feels appropriate.

8 Defendant City of Berkeley shall be assigned liability for any and all unidentified
9 defendant (s). Each defendant named or unnamed Compensatory Damages
10 $10,000.00, Punitive Damages $250.000.00, Any additional compensation which
11 the court feels appropriate.

12 Per all Defendants named and unnamed, individually and collectively.

13 An injunction enjoining defendants individually and collectively and or its agents
14 from engaging in conduct including but not limited to threat of criminal legal
15 action, seizure of property, verbal threats, unlawfully disrupt, disperse, interfere
16 with or prevent the lawful First Amendment activities explained of here in.
17 Defendant's are further enjoined from enforcing "quality of life" crimes committed
18 by every member of the protected class of homeless people such as but not limited
19 to sleeping in public areas.

20

21     Dated  03/3/2017

22                                              Guy "mike" Lee

23                                         By _____

24                                              Plaintiff in Pro Per

25

15

## Exhibt 2 - Overview





SNUBBED BY THE HUB;
THE ANSWER WAS NO!
POOR PEOPLE'S TOUR
THE SYSTEM IS BROKEN!
WE DEMAND
• HOUSING WE CAN ALL AFFORD
• END THE CRIMINALIZATION OF HOMELESS PEOPLE
JOIN THE TOUR
SUPPORT THE TOUR
• transportation assistance    • overnight campers
• legal observers              • food & monetary support
CALL OR E MAIL CITY COUNCIL AND
DEMAND THE SYSTEM CHANGE!











Exhibt 2 - Signs









Exhibt 3 - Arreguin




